AO 245B (Rev. 8/01) Judgment in a Criminal Case
Sheet 1

LCT:ss

# UNITED STATES DISTRICT COURT

Southern District of Mississippi

Jackson Division

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| | (For Offenses Committed On or After November 1, 1987) |
| V. | Case Number:   P224959/SM13, P224958/SM13 |
| TIMOTHY W. MARTIN | Defendant's Attorney:   Dennis Joiner |
| | Suite 100-S, 200 S. Lamar Street |
| | Jackson, MS 39201 |

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____
☐ pleaded nolo contendere to count(s) _____
■ was found guilty on count(s)   P224959/SM13, P224958/SM13   after a plea of not guilty.

ACCORDINGLY, the Court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 36 C.F.R. § 4.23 | DUI | 04/10/05 | P224959/SM13 |
| 36 C.F.R. § 4.2 | Reckless Driving | 04/10/05 | P224958/SM13 |

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
AUG 2 2 2005
J. T. NOBLIN, CLERK
BY _____ DEPUTY

The defendant is sentenced as provided in pages 2 through   5   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____   ☐ is   ☐ are   dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed are fully paid.

| Defendant's Soc. Sec. No.: | | August 17, 2005 |
|---|---|---|
| | | Date of Imposition of Judgment |
| Defendant's Date of Birth: | 07/15/58 | |
| Defendant's USM No.: | N/A | _James C._ (signature) |
| | | Signature of Judicial Officer |
| Defendant's Residence Address: | | |
| 106 Arbor Ridge Road | A TRUE COPY, I HEREBY CERTIFY. | |
| | J. T. NOBLIN, CLERK | |
| Ridgeland, MS 39157 | BY: _____ | James C. Sumner, United States Magistrate Judge |
| | DEPUTY CLERK | Name and Title of Judicial Officer |
| Defendant's Mailing Address: | | |
| Same | | 8-22-05 |
| | | Date |

CR #29 Vol III pp. 1500-1504

DEFENDANT:         TIMOTHY W. MARTIN
CASE NUMBER:   P224959/SM13, P224958/SM13

# PROBATION

The defendant is hereby placed on probation for a term of    __one (1) year__             .

**\*The defendant may be placed on Administrative Supervision after completion of MASEP and payment of fine in full.**

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

   The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter.

☐   The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

   If this judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

   The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Judgment—Page 3 of 5

DEFENDANT: TIMOTHY W. MARTIN
CASE NUMBER: P224959/SM13, P224958/SM13

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant is to attend and complete MASEP.

2. The defendant shall submit to random alcohol/drug testing and, if deemed necessary, complete an alcohol/drug treatment program as deemed necessary by the U.S. Probation Officer.

AO 245B (Rev. 8/01) Judgment in a Criminal Case
Sheet 5, Part A — Criminal Monetary Penalties

Judgment — Page __4__ of __5__

DEFENDANT: TIMOTHY W. MARTIN
CASE NUMBER: P224959/SM13, P224958/SM13

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| TOTALS | $ $35.00* | $ 1,550.00** | $ |

*$25.00 - P224959/SM13; $10.00 - P224958/SM13    **$1,300 - P224959/SM13; $250.00 - P224958/SM13

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| **Name of Payee** | ***Total Amount of Loss** | **Amount of Restitution Ordered** | **Priority Order or Percentage of Payment** |
|---|---|---|---|
| TOTALS | $ | $ | |

☐ If applicable, restitution amount ordered pursuant to plea agreement _____

☐ The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☐ the interest requirement is waived for the     ☐ fine and/or     ☐ restitution.

☐ the interest requirement for the     ☐ fine and/or     ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B   (Rev. 8/01) Judgment in a Criminal Case
         Sheet 5, Part B — Schedule of Payments

Judgment — Page __5__ of __5__

DEFENDANT:     TIMOTHY W. MARTIN
CASE NUMBER:   P224959/SM13, P224958/SM13

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A  ■  Not later than ____ from the date of sentencing.

   ■  not later than ___08/16/06___ , or
   ☐  in accordance with   ☐ C,   ☐ D, or   ☐ E below; or

B  ☐  Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ E below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment;

D  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

   Defendant Name, Case Number, and Joint and Several Amount:

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.